Tony M. Diab (SBN:  277343)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949-475-1500
Facsimile:   949-475-0016

Attorney for Defendant
RIOT GAMES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAME AND TECHNOLOGY CO. LTD, <br><br> v. <br><br> RIOT GAMES, INC., | Case No. 2-16-cv-06486-BRO-SK <br><br> **NOTICE OF RELATED CASES** <br><br> Complaint Filed:  July 9, 2015 <br> Trial Date:  None Set <br> Judge:  Hon. Beverly Reid O'Connell |

Pursuant to Local Civil Rules 83-1.3 and 83-1.4, and General Order No. 14-03, Defendant Riot Games, Inc. ("Riot") files this notice to bring the Court's attention to related cases pending in this District and elsewhere.

## I.     THE PRESENT LAWSUIT WAS FILED IN TEXAS

The present lawsuit ("the Riot case") was filed in the Eastern District of Texas on July 9, 2015.  In its Complaint, Plaintiff GAT accused Riot of infringing U.S. Pat. Nos. 8,253,743 ("the '743 Patent"), and 8,035,649 ("the '649 Patent") (collectively, "the patents-in-suit").  (Dkt. No. 1.)  GAT served Riot with the Complaint on October 14, 2015.  The present case was transferred to this District on August 5, 2016.  (Dkt. No. 21.)

## II.   THIS CASE AND TWO OTHER CASES ASSERTING OVERLAPPING PATENTS WERE RECENTLY TRANSFERRED FROM TEXAS TO THIS DISTRICT

As set forth in the Texas Court's August 5, 2016 Order, the Riot case was transferred to this District along with the following two cases, each of which was assigned to a different judge:

- *Game and Technology Co., Ltd. v. Blizzard Entertainment, Inc.*, Case No. 2-16-cv-06499-R-AS (C.D. Cal.) ("the Blizzard case"); and

- *Game and Technology Co., Ltd. v. Wargaming.net LLP*, Case No. 2:16-cv-06554-CBM-PLA (C.D. Cal.) ("the Wargaming case").

GAT filed its complaints in the above cases on July 9, 2015, the same day as the Riot case.  Further, the Texas Court consolidated the above cases[1] for all pretrial issues, except venue.  (Dkt. No. 18.)

The Riot, Blizzard, and Wargaming cases are "related" under the criteria of L.R. 83-1.3.1 as they "call for determination of the same or substantially related or similar questions of law and fact" and "entail substantial duplication of labor if heard by different judges."  L.R. 83-1.3.1(b)–(c).

With respect to questions of law, each of the Riot, Blizzard, and Wargaming cases raise common questions regarding the construction of common claim terms across one or more overlapping patents:  prior to transfer, GAT served infringement contention claim charts, accusing Blizzard and Riot of infringing claim 1 of the '743 patent and claims 1, 2, and 4 of the '649 Patent.  While the Riot and Wargaming cases do not share any common patents, Riot understands that the Blizzard and Wargaming cases are related to each other because Blizzard and Wargaming are both accused of infringing claims 1 and 3 of U.S. Pat. Nos. 7,682,243 ("the '243 Patent").  Because of

---

[1] One other case, *Game and Technology Co., Ltd. v. Valve Corp* was also consolidated with the above cases in Texas.  As explained *infra*, this case was transferred to the Western District of Washington.

**NOTICE OF RELATED CASES AND**
**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**

the overlapping common issues across the three cases, all three cases should be heard by the same judge.  Further, in the previously consolidated Texas case, Defendants Riot, Blizzard, and Wargaming jointly developed and served proposed terms for construction on June 29, 2016, and preliminary claim constructions on July 22, 2016. (*See* Case No. 2:16-cv-06499-R-AS, Dkt. Nos. 54-57, 63, 64, 66, 67.)

With respect to questions of fact, each of the Riot, Blizzard, and Wargaming cases raise common questions regarding invalidity in view of the same prior art:  in the previously consolidated Texas case, Defendants Riot, Blizzard, and Wargaming jointly developed and served  invalidity contentions on June 10, 2016.  (*See* Case No. 2:16-cv-06499-R-AS, Dkt. Nos. 50-52.)   Each of the defendants have asserted that the same prior art references invalidate each of the patents-in-suit asserted against them.

Further, with respect to discovery, the accused products in each of these cases are video games, which may raise common questions regarding source code discovery and the interpretation of the previously entered Protective Order:  the Defendants, along with GAT, jointly filed a Motion for Entry of an Agreed Protective Order, which was signed and entered April 6, 2016.  (Case No. 2:16-cv-06499-R-AS, Dkt. No. 33.)  Further still, discovery across these cases will substantially overlap and involve discovery from a common plaintiff, common third-party prior-licensees, common inventors, and common third-party witnesses related to the prior art.  The separate adjudication of any issues related to the above common discovery would "entail substantial duplication of labor if heard by different judges."  L.R. 83-1.3.1(c).

Once a party files a Notice of Related Cases including a "statement that explains how the cases in question are related," General Order No. 14-03 specifies how to proceed with the related cases.  In particular, the Clerk prepares "a proposed order to transfer the later-filed case to the judge currently assigned the earliest-filed case" and presents the proposed order to the transferee judge for review.  (General

Order No. 14-03 at 19.)  Here, the Riot case, as the case with the lowest case number, is the earliest-filed case.

## III.   NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

In addition to the above-referenced cases, there is one other case, pending in another federal court that alleges infringement of one of the patents-in-suit.

On July 9, 2015, GAT filed a complaint against Valve Corporation ("Valve") in the Eastern District of Texas, accusing Valve of infringing the '743 Patent:  *Game and Technology Co., Ltd. v. Valve Corp.*, Case No. 2:16-cv-01382-RSL (W.D. Wash.), Dkt. No. 1 ("the Valve case").  In the Texas Court's August 5, 2016 Order mentioned above, the Valve case was transferred to the Western District of Washington.

Pursuant to L.R. 83-1.4.2(d), the "names, address and telephone numbers of the attorneys in [the] other actions or proceedings" pending outside this District are listed below, according to documents filed by the parties in such actions.

Valve is represented by at least the following attorneys in the Western District of Washington case:

- Brian Christopher Nash of Pillsbury Winthrop Shaw Pittman LLP, 401 Congress Avenue, STE 1700, Austin, TX 78701; Telephone: 512-580-9629;
- Edward Andrew Cavazos of Pillsbury Winthrop Shaw Pittman LLP, 401 Congress Avenue, STE 1700, Austin, TX 78701; Telephone: 512-580-9608;
- Gavin William Skok of Riddell Williams, 1001 4th Ave Plaza, STE 4500, Seattle, WA 98154; Telephone: 206-624-3600; and
- Shata L. Stucky of Riddell Williams, 1001 4th Ave Plaza, STE 4500, Seattle, WA 98154; Telephone: 206-389-1786.

GAT is represented by at least the following attorneys in the Western District of Washington case:

- Joseph Jude Zito of Zito TLP, 1250 Connecticut Ave, NW, Ste 200, Washington, DC 20036; Telephone: 202-466-3500;

- Luiz Oliveira of Zito TLP, 1250 Connecticut Ave, NW, Ste 200, Washington, DC 20036; Telephone: 202-466-3500;
- David H Tseng of Dorsey & Whitney, 701 Fifth Avenue, Suite 6100, Seattle, WA 98104; Telephone: 206-903-8891; and
- Paul T Meiklejohn of Dorsey & Whitney, 701 Fifth Avenue, Suite 6100, Seattle, WA 98104; Telephone: 206-903-8746.

## IV.   CONCLUSION

Riot hereby complies with its obligation under L.R. 83-1.3 and 83-1.4, as well as General Order No. 14-13, to bring to the Court's attention other pending related actions in this District and elsewhere.

Dated:  September 9, 2016                    SHOOK HARDY & BACON L.L.P.


                                             By:   */s/ Tony M. Diab*
                                                    Tony M. Diab
                                             Attorneys for Defendant Riot Games